b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SCATPACK, INC., Plaintiff | CIVIL DOCKET NO. 1:18-CV-01550 |
| VERSUS | JUDGE DRELL |
| GENUINE PARTS CO. D/B/A NAPA, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Defendant Genuine Parts Company, Inc. d/b/a NAPA ("NAPA") filed a Motion for Sanctions, Costs and Attorneys' Fees, and to Modify the Scheduling Order. ECF No. 39. Because NAPA has not shown that Plaintiff acted in bad faith or with willful misconduct, and because both parties share some responsibility for the violation of the scheduling order, NAPA's Motion for Sanctions (ECF No. 39) should be DENIED. Because NAPA's expert did not have access to all of the documents relied on by Plaintiff's expert in his report, NAPA's Motion to Reopen the expert report deadline (ECF No. 39) should be GRANTED. And because NAPA was not diligent in pursuing missing documents, NAPA's Motion to Reopen the deadline to re-depose Dr. Nelson (ECF No. 39) should be DENIED.

I.  Background

Plaintiff Scatpack, Inc. ("Scatpack")[1] filed an action for breach of contract against NAPA. NAPA[2] removed, premising jurisdiction on diversity of citizenship. ECF No. 1.

The parties contracted to have Scatpack change its auto parts store from a "Car Quest" franchise to a "NAPA" franchise. ECF No. 1-3 at 11. Scatpack alleges that: (1) NAPA converted the store to a NAPA store, but never provided Scatpack with a changeover accounting and inventory in accordance with the "NAPA Changeover Agreement"; (2) NAPA did not provide Scatpack with an itemized beginning inventory of the stock on hand after the changeover was accomplished; (3) NAPA personnel in the Jackson, Mississippi warehouse were uncooperative with parts requests; (4) NAPA requested (and received from Scatpack) an additional $30,000 deposit that had not been agreed upon and was not required by inventory billings; and (5) NAPA failed to fulfill other inducements promised to Scatpack. ECF No. 1-3 at 11-14. Scatpack claims damages pursuant to La. C.C. art. 1997 due to NAPA's bad faith failure to perform the changeover contract, and alleges NAPA violated the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, *et seq.* ECF No. 1-3 at 14-15.

NAPA answered the complaint and filed a counterclaim, alleging Scatpack breached a Security Agreement with NAPA by failing to pay for $30,105.64 in goods and services. ECF No. 6. NAPA also filed a third-party demand against Raymond

---

[1] Scatpack is a Louisiana corporation with its principal place of business in Louisiana.

[2] NAPA is a Georgia corporation with its principal place of business in Georgia.

W. Smith, Jr. ("Smith"), a resident of Louisiana, for breach of a Guarantee Agreement in which he personally guaranteed all amounts owed to NAPA by Scatpack under the Security Agreement. ECF No. 6 at 4. NAPA requests a jury trial. ECF No. 6 at 5.

Scatpack and Smith answered the Counterclaim and Third Party Demand, alleging payment. ECF Nos. 25, 26. NAPA filed a Motion for Sanctions, Costs and Attorneys' Fees and for modification of the scheduling order (ECF No. 39). Scatpack responded to that Motion (ECF No. 42) and NAPA replied (ECF No. 43).[3] That Motion is now before the Court.

## II. Law and Analysis

In its Motion for Sanctions, NAPA contends Scatpack's expert report from Dr. Nelson referenced documents not provided to NAPA. ECF No. 39 at 1. After Scatpack confirmed it had provided everything to NAPA, NAPA's expert, Page, issued a report based on the documents provided by Scatpack. ECF No. 39 at 1-2. Page noted that he did not appear to have been provided with all documents used by Dr. Nelson and that new or revised date could cause him to change his analysis. ECF No. 39 at 1-2. Later, when Dr. Nelson's deposition was taken, counsel for Scatpack produced hard copies of several documents that had not been previously provided to NAPA; Dr. Nelson agreed he had relied on those documents for his opinions. ECF No. 39 at 2. Scatpack transmitted an electronic copy of those documents to NAPA on November 20, 2019, about a month after Dr. Nelson's

---

[3] Scatpack filed a Partial Motion for Summary Judgment (ECF No. 44) that was denied. ECF No. 54.

3

deposition. ECF No. 39-1 at 2. Accordingly, NAPA seeks extensions of time for it expert to modify his report and for a supplemental deposition of Dr. Nelson. ECF No. 39-1 at 2.

Additionally, NAPA seeks sanctions pursuant to Fed. R. Civ. P. rule 37(b)(A). NAPA asks the Court to: (1) strike Dr. Nelson from testifying at trial; (3) assess to Scatpack all costs of deposing Dr. Nelson, including Dr. Nelson's fee and attorneys' fees and costs; (3) assess to Scatpack all costs for re-deposing Dr. Nelson if he is allowed to testify; and (4) assess all costs of the additional time and expenses incurred by NAPA's expert witness and defense counsel in preparing a second expert report. ECF No. 39-1 at 2.

Scatpack admits there was an "inadvertent error" in production of the documents relied on by Dr. Nelson in his report, but contends the error was "timely cured" in advance of NAPA's Motion for Sanctions.[4] ECF No. 42 at 1.

In addition to a broad range of sanctions, including contempt, Fed. R. Civ. P. 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order.

---

[4] Scatpack contends Ms. Smith has been Secretary-Treasurer of Scatpack since its inception and kept "the books" for the auto parts store. ECF No. 42 at 2. Ms. Smith gathered the financial records required by Dr. Nelson, delivered the records to him, then retrieved them when Dr. Nelson was finished with them. ECF No. 42 at 2. Ms. Smith then took "all of the records she had provided Dr. Nelson" to plaintiff's counsel, who sent a copy of them to Defense counsel. ECF. No. 42 at 2. When Defense counsel inquired whether all of the documents provided to Dr. Nelson had been produced, Ms. Smith assured plaintiff's counsel that they had been and that assurance was relayed to Defendant. ECF. No. 42 at 2. When preparing for Dr. Nelson's deposition, Plaintiff's counsel discovered that Defendant had not been provided with all of the materials relied on by Dr. Nelson for his report and provided Defense counsel with hard copies at the deposition. ECF. No. 42 at 2. Three weeks later, Defense counsel was provided with electronic copies of all the documents relied on by Dr. Nelson. ECF. No. 42 at 2.

*See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488–89 (5th Cir. 2012). Although the district court has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct, this discretion is limited. *See Smith & Fuller, P.A.*, 685 F.3d at 488–89. A finding of bad faith or willful misconduct is usually required to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case. *See Smith & Fuller, P.A.*, 685 F.3d at 488–89. Lesser sanctions do not require a finding of willfulness. *See Smith & Fuller, P.A.*, 685 F.3d at 488–89 (citing *Chilcutt v. United States,* 4 F.3d 1313, 1323 n. 23 (5th Cir. 1993), cert. den., 513 U.S. 979 (1994)).

Dr. Nelson's report was sent to Defendant on July 31, 2019. ECF No. 39-4. The report states he relied on Scatpack's financial records from 2013-2018. ECF No. 39-3 at 1.

Defense counsel emailed Scatpack on September 5, 2019, stating he had the monthly income statements from June 2016 to December 2018 and needed "the monthly income statements for January 2013 until May 2016 that Nelson stated he was provided." ECF No. 39-5 at 1. The same day, Plaintiff's counsel responded that he had "met with Ms. Smith twice" and she said "she gave me everything she has and everything she gave Dr. Nelson." ECF No. 39-5 at 1. Plaintiff's counsel further stated he and Ms. Smith "surmise that Dr. Nelson worked off the 2013, 2014 and 2015 income tax returns," which had been provided to defense counsel. ECF No. 39-5 at 1. Defendant's expert report is dated September 9, 2019. ECF No. 39-6.

Scatpack contends Ms. Smith has been Secretary-Treasurer of Scatpack since its inception and kept "the books" for the auto parts store. ECF No. 42 at 2. Ms. Smith gathered the financial records required by Dr. Nelson, delivered the records to him, then retrieved them when Dr. Nelson was finished with them. ECF No. 42 at 2. Ms. Smith then took "all of the records she had provided Dr. Nelson" to Plaintiff's counsel, who sent a copy of them to Defense counsel. ECF. No. 42 at 2. When Defense counsel inquired whether all of the documents provided to Dr. Nelson had been produced, Ms. Smith assured Plaintiff's counsel that they had been. ECF. No. 42 at 2. That assurance was relayed to Defendant. ECF. No. 42 at 2.

When preparing for Dr. Nelson's deposition, Plaintiff's counsel discovered that Defendant had, in fact, not been provided with all of the documents relied on by Dr. Nelson for his report. Plaintiff's counsel provided Defense counsel with hard copies of the documents at the deposition.[5] ECF. No. 42 at 2. Three weeks later (in November 2019), Defense counsel was provided with electronic copies of all the documents. ECF. No. 42 at 2.

Rule 37(b)(1) grants sanctions where a party fails to comply with a court order compelling discovery.[6] NAPA did not file a Motion to Compel or otherwise

---

[5] In his deposition on October 28, 2019, Dr. Nelson stated he relied on Scatpack's profit and loss statements from January 2013 through December 2018. ECF No. 39-7 at 2-3.

[6] Rule 37(a) requires an award of reasonable expenses, including attorney's fees, if the court grants the motion to compel or if the requested discovery is provided after the motion was filed. *See Rollins v. St. Jude Medical, Inc.*, 2010 WL 1751822, at *5 (W.D. La. 2010). Rule 37(b) mandates sanctions where a party fails to comply with the court order issued pursuant to Rule 37(a).

obtain a Court order compelling Scatpack to produce the documents. Moreover, NAPA has not demonstrated that Scatpack was guilty of bad faith or willful misconduct to support striking Dr. Nelson's testimony.[7]

NAPA also argues sanctions under Rule 37(b) are warranted where a party violates a scheduling order. NAPA contends that Scatpack did not provide the additional documents relied on by Dr. Nelson until November 2019; the discovery deadline was October 10, 2019[8] (ECF No. 36). However, after Dr. Nelson's report revealed to NAPA that there were documents it did not have, NAPA only made an informal email request for those documents. When Plaintiff's counsel mistakenly stated NAPA had been provided all of the documents relied on by Dr. Nelson, NAPA did not take the next appropriate step and file a Motion to Compel. A Motion to Compel would have resolved the error and assured exchange of the documents earlier–Scatpack would have revisited its production and discovered its error sooner.

Therefore, NAPA's Motion for Sanctions (ECF No. 39) should be denied.

NAPA also moves to reopen the scheduling deadlines to allow NAPA's expert to amend his report and to allow Dr. Nelson to be re-deposed. Since NAPA's expert did not have access to all of the documents relied on by Dr. Nelson at the time he

---

[7] The situation in this case appears to be as described by Scatpack–a non-attorney, non-party inadvertently failed to provide all documentation to NAPA, while maintaining to Scatpack that she had done so.

[8] In its reply brief (ECF No. 43 at 2), NAPA cites the July 12, 2019 expert report deadline as the deadline violated by late production of the documents. However, production of documents relied on by an expert in his report fall under the discovery deadline, not the expert report deadline. Rule 26 does not require production of the documents relied on *with* the report.

issued his report (a point noted in Page's report), NAPA's Motion to Reopen the deadline for expert reports (ECF No. 39) should be GRANTED for the limited purpose of allowing Page to review and modify his report in light of the additional documents.

Finally, for the reasons detailed above, NAPA's Motion to Reopen the deadline to re-depose Dr. Nelson (ECF No. 39) should be denied.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that NAPA's Motion for Sanctions (ECF No. 39) be DENIED.

IT IS FURTHER RECOMMENDED that NAPA's Motion to Reopen the expert report deadline (ECF No. 39) be GRANTED for the limited purpose of allowing NAPA's expert to review and modify his report in light of the additional documents.

IT IS FURTHER RECOMMENDED that NAPA's Motion to Reopen the deadline to re-depose Dr. Nelson (ECF No. 39) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor

encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, September 24, 2020.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge